```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


THE SUNSHINE KIDS FOUNDATION,   §
                                §
              Plaintiff,        §
                                §
v.                              §     CIVIL ACTION NO. H-09-2496
                                §
SUNSHINE KIDS JUVENILE          §
PRODUCTS, INC., SUNSHINE        §
KIDS JUVENILE PRODUCTS, LLC,    §
and SKJP HOLDINGS, LLC,         §
                                §
              Defendants.       §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, The Sunshine Kids Foundation, Inc., filed this action against defendants Sunshine Kids Juvenile Products, Inc. (SKJP, Inc.), Sunshine Kids Juvenile Products, LLC (SKJP, LLC), and SKJP Holdings, LLC. (Docket Entry No. 1). On December 18, 2009, the court issued a Memorandum Opinion and Order (Docket Entry No. 19) granting defendants' motion to dismiss SKJP, Inc. and SKJP Holdings, LLC for lack of personal jurisdiction, granting defendants' motion to dismiss plaintiff's claim for exemplary damages, and allowing plaintiff twenty days to file an amended complaint. On January 7, 2010, plaintiff filed an Amended Complaint (Docket Entry No. 22). Pending before the court is Defendant's Motion to Dismiss Plaintiff's Sixth Cause of Action (Fraud) for Failure to State a Claim (Docket Entry No. 26). For the reasons explained below, defendant's motion to dismiss will be denied.

## I. Factual Allegations

Plaintiff alleges that it is a renowned non-profit charitable organization that provides a variety of programs and events, free of charge, for children receiving cancer treatment in hospitals across the United States and Canada. Plaintiff alleges that since at least as early as 1983 it adopted and has used continuously the name and mark "Sunshine Kids," together with various derivations thereof for the purpose of promoting its programs and marketing items such as shirts, hats, and scarves.[1] Plaintiff alleges that it owns six United States Federal Trademark Registrations for the Sunshine design, Sunshine Kids, Sunshine Kids Tough as a Rock, and Sunshine Kids words and design,[2] and that it also owns Canadian Registration 436,586 for Sunshine Kids, which was registered on December 21, 1994, for "entertainment services, namely the provision of activities and programs for children with cancer and their families."[3] Plaintiff alleges that the validity and ownership of its registered marks, as well as its exclusive right to use these marks in interstate commerce has become "incontestable" under 15 U.S.C. § 1605, and 15 U.S.C. § 1115(b).[4]

Plaintiff alleges that in 2002 it learned that defendant SKJP, LLC used "Sunshine Kids" within its mark in connection with a

---

[1] Amended Complaint, Docket Entry No. 22, pp. 3-4 ¶¶ 7-10.

[2] Id. at 4-5 ¶ 12.

[3] Id. at 5 ¶ 14.

[4] Id. at 6 ¶ 15.

children's product available on the web site www.mightytite.com, and that when it contacted SKJP, LLC, someone answered the phone by saying simply "Sunshine Kids."[5] Plaintiff alleges that in June of 2002 its attorney wrote to SKJP, LLC, pointing out

> (1) the length, extent, and renown of the Sunshine Kids' activities under its marks; (2) the incontestable Federal Regulations; (3) the similarity of the customers for their respective activities and goods; and (4) the likelihood of confusion caused by a second entity using "Sunshine Kids" as a mark for children's goods and services.  The Sunshine Kids requested that Juvenile Products, as the late comer, cease the unauthorized use.[6]

Plaintiff alleges that in a letter dated August 2002, defendant responded that it

> (1) did not "trade under the designation Sunshine Kids";
>
> (2) considered its trademark to be "Sunshine Kids Juvenile Products" which included "distinctive design elements" . . .
>
> (3) received a registration for a design mark in 2002 having Sunshine Kids in the words of the design (the design incorporated a stick-figure for the letter "K" for "a seat belt shortener"); and
>
> (4) it <u>only</u> sold a "MIGHTY-TITE" seat belt shortener product, although there was an interest in manufacturing other products that related to making children's vehicle car seats more safe. . .[7]

Plaintiff alleges that in October of 2002 it responded

> by letter (1) acknowledging Defendant's representation that it did not "trade under the designation (Sunshine

---

[5] <u>Id.</u> ¶ 18.

[6] <u>Id.</u> at 7 ¶ 19 (citing Exhibit 16 attached to Original Complaint, Docket Entry No. 1).

[7] <u>Id.</u> at ¶ 20 (citing Exhibit 17 attached to Original Complaint, Docket Entry No. 1).

Kids,)" but rather under the trademark "Sunshine Kids Juvenile Products" with its "distinctive design elements" (such as the letter K disguised); (2) affirming the understanding that Defendant would cease answering the phone as "Sunshine Kids"; and (3) stating the [plaintiff] would monitor the extent of actual confusion.[8]

Plaintiff alleges that in the summer of 2008 and continuing into 2009 it suddenly began receiving multiple inquiries, by e-mail and telephone, from consumers of Defendant's products, believing that the charity was the provider of those products,[9] and that subsequent internet searches revealed that

> (1)  the holding company for Defendant's marks registered the "word mark" SUNSHINE KIDS JUVENILE PRODUCTS, citing use since April 2006 for fourteen different goods;
>
> (2)  Defendant's distinctive design element had been dropped from the Defendant's usage;
>
> (3)  on May 4, 2009, Defendant filed an application to register the "word mark" SUNSHINE KIDS for use on 24 different goods in three different international classifications of goods; and
>
> (4)  the May 4, 2009, application included a sworn declaration stating that Defendant, its predecessor in interest, related company, or licensee had used the "word mark" SUNSHINE KIDS continuously since May 8, 2000 in connection with at least one product in each of three different "international classifications" of products;
>
> (5)  Defendant's website, www.skjp.com, displayed SUNSHINE KIDS as a mark;
>
> (6)  anyone accessing an article about a Sunshine Kids' charity event on Amazon.com is asked if they were looking

---

[8] Id. ¶ 21 (citing Exhibit 18 attached to Original Complaint, Docket Entry No. 1).

[9] Id. ¶ 22 (citing Exhibit 19 attached to Original Complaint, Docket Entry No. 1).

>    for SUNSHINE KIDS products, and provided a link to the Defendant's products; and
>
>    (7) a search for Sunshine Kids' activities on websites for newspapers such as the Houston Chronicle, the Honolulu Star Bulletin, and the New Orleans Times-Picayune yields a "sponsored link" to Defendant's products.[10]

Plaintiff alleges that "[t]he foregoing conduct directly contradicted Defendant's prior representations in the August 2002 letter, and appears to explain the sudden commencement of significant actual confusion."[11]

## II. Standard of Review

Citing Federal Rule of Civil Procedure 12(b)(6), which allows dismissal when the pleadings fail to state a claim upon which relief may be granted, defendant seeks dismissal of plaintiff's claim for common law fraud and plea for exemplary damages under Texas law. A Rule 12(b)(6) motion to dismiss requires the court to accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 996 & n.1 (2002) (citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160, 1161 (1993)).

---

[10] Id. at 8-9 ¶ 23 (citing Exhibits 20, 22-23 attached to Original Complaint, Docket Entry No. 1).

[11] Id. at 9 ¶ 24.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Id. at 997. A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In considering a Rule 12(b)(6) motion to dismiss, a court must limit itself to the contents of the pleadings, with two exceptions. In Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000), the Fifth Circuit approved the district court's consideration of certain documents the defendant attached to a motion to dismiss. The Fifth Circuit has "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003). Courts may also refer to matters of public record when deciding a Rule 12(b)(6) motion. Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### III. Analysis

**A. Applicable Law**

The elements of common law fraud under Texas law are that the defendant (1) made a material representation that was false; (2) knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) intended the plaintiff to act upon the representation; (4) the plaintiff

-6-

actually and justifiably relied upon the representation; and (5) suffered injury. Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp., 565 F.3d 200, 212 (5th Cir.), cert. denied, 130 S.Ct. 199 (2009) (citing Ernst & Young, L.L.P. v. Pacific Mutual Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001)). Claims for common law fraud are subject to the pleading requirements of Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (quoting Williams v. WMX Technologies, Inc., 112 F.3d 175, 177 (5th Cir.), cert. denied, 118 S.Ct. 412 (1997) ("We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules.")).

The Fifth Circuit "'interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" Id. (quoting Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id. (quoting ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002)). However, "Rule 9(b) relaxes the particularity requirement for conditions of the mind." Id. "Malice, intent, knowledge, and

other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  But "'simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b).'"  Dorsey, 540 F.3d at 339 (quoting Melder v. Morris, 27 F.3d 1097, 1102 (5th Cir. 1994)).  "'The plaintiff[] must set forth *specific facts* supporting an inference of fraud.'"  Id. (quoting Melder, 27 F.3d at 1102) (emphasis in original)).  "'Alleged facts are sufficient to support such an inference if they either (1) show a defendant's motive to commit . . . fraud or (2) identify circumstances that indicate conscious behavior on the part of the defendant.'"  Id. (quoting Herrmann Holdings, 302 F.3d at 565).  "'If the facts pleaded in a complaint are peculiarly within the opposing party's knowledge, fraud pleadings may be based on information and belief. However, this luxury must not be mistaken for license to base claims of fraud on speculation and conclusory allegations."  Id. (quoting Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1068 (5th Cir. 1994)).

**B.   Application of the Law to the Facts**

   The fraud claim in plaintiff's Amended Complaint alleges:

   65.  The Sunshine Kids refers to and incorporates by reference the allegations contained in Paragraphs 1 through 64 as though set forth fully herein.

   66.  As stated above, the Sunshine Kids wrote to Defendant regarding Defendant's use of its mark. Defendant represented expressly and implicitly to the Sunshine Kids that:  (1) Defendant did not and would not trade under the designation "SUNHINE KIDS"; (2) Defendant considered its mark to be the mark displayed in paragraph

-8-

> 20 above and to include "Juvenile Products"; (3) that [Defendant] only used its mark with respect to a seat belt shortener. These representations were made in order to induce the Sunshine Kids to forego legal action and/or trademark cancellation proceedings against Defendant. The Sunshine Kids relied on these representations, and they have proven to be false.
>
> 67. Indeed, Defendant made these representations in order to blatantly trade on the fame and goodwill [sic] associated with the Sunshine Kids in conscious disregard of the Sunshine Kids' rights. Defendant has expanded its product offerings with the Sunshine Kids' identical mark. This fraudulent conduct has harmed the Sunshine Kids and caused damages. Defendant's fraudulent conduct entitles the Sunshine Kids to exemplary damages pursuant to Chapter 41 of the Texas Civil Practices & Remedies Code.[12]

Defendant contends that the court should dismiss this claim and plaintiff's plea for exemplary damages because the representations made in defendant's August 2002 letter were not false, defendant lacked the requisite intent to defraud, and defendant obtained no benefit from making the representations at issue.[13]

    1.    <u>Falsity of Statements in the August 2002 Letter</u>

Defendant contends that plaintiff's fraud claim should be dismissed because "[d]efendant's [r]epresentations in the August 2002 [l]etter [w]ere [n]ot [f]alse."[14] Defendant explains that while it

---

[12]<u>Id.</u> at 19-20.

[13]Defendant's Motion to Dismiss Plaintiff's Sixth Cause of Action (Fraud) for Failure to State a Claim (Motion to Dismiss), Docket Entry No. 26, p. 5.

[14]<u>Id.</u> at 6.

> did make certain *factual* representations in the August 2002 letter (that it did not, at that time, trade under the designation SUNSHINE KIDS, that it did, at that time, consider its mark to include the words "Juvenile Products," and that its use, at that time, was limited solely to use in connection with a seat belt shortener product), nowhere in that letter did Defendant represent that it would not do the things Plaintiff now complains of, namely trade under the SUNSHINE KIDS designation in the future or that it would continue to limit its use of the mark to use in connection with its seat belt shortener product.
>
> To the contrary, Defendant expressly notified Plaintiff in that letter of its intention to expand its existing line of products offered under the mark. . . All representations made by Defendant in the August 2002 letter were true when made, and Plaintiff has pled no facts leading to the contrary conclusion.[15]

Defendant's assertion that the statements made in the August 2002 letter are true is not a basis upon which the court may grant its motion to dismiss. At this stage of the litigation the issue is not whether the alleged statements are true or false but, instead, whether the plaintiff has alleged with particularity enough facts that, if true, would plausibly establish that defendant made the statements at issue either knowing that they were false or with reckless disregard to their truth. See Twombly, 127 S.Ct. at 1974.

The plaintiff alleges that defendant made three false statements in a letter written to plaintiff in August of 2002 in response to plaintiff's notice of infringement: (1) Defendant did

---

[15] Id. (citing Exhibit 17 attached to Original Complaint, Docket Entry No. 1).

not trade under the designation "SUNSHINE KIDS"; (2) Defendant considered its mark to be the mark [as displayed in paragraph 20 of the Amended Complaint, including distinctive design elements] and to include "Juvenile Products"; and (3) Defendant only used its mark with respect to a seat belt shortener.[16] Plaintiff alleges that these statements were false when made because they contradict statements made in a sworn declaration included in the application that defendant filed with the trademark office to register the "word mark" SUNSHINE KIDS for 24 different goods in three different international classifications of goods. Plaintiff specifically alleges that defendant's sworn declaration states that "[d]efendant (or its predecessor in interest or related company or licensee) used the 'word mark' SUNSHINE KIDS continuously <u>since May 8, 2000</u>, in connection with at least one product in <u>each</u> of the <u>three different</u> 'international classifications' of products."[17] If, indeed, the defendant, its predecessor in interest, or its licensee has been using the "word mark" SUNSHINE KIDS continuously since May 8, 2000, in connection with at least one product in each of three different international classifications of products, then defendant's statements in its August 2002 letter that it did not trade under the designation SUNSHINE KIDS and that it only manufactured and sold one product, i.e., a seat belt shortener,

---

[16]Amended Complaint, Docket Entry No. 22, p. 20 ¶ 66.

[17]<u>Id.</u> at 9 ¶ 23(4).

must have been false, or made with reckless disregard to their truth.  Because plaintiff has not merely alleged that it believes the statements in defendant's August 2002 letter about which it complains were false, but has alleged facts that if true would establish that these statements were false or made with reckless disregard to their truth, the court concludes that the factual allegations contained in the plaintiff's amended complaint sufficiently allege that the statements alleged to be fraudulent were either false when made or made with reckless disregard to their truth.

### 2. Facts Supporting an Inference of Fraud

Defendant contends that plaintiff's fraud claim should be dismissed because "[d]efendant [l]acked the [r]equisite [i]ntent to [d]efraud."[18]  Defendant explains that "[p]laintiff is required to support its allegations with facts leading to the possible conclusion that [d]efendant intended to deceive [p]laintiff. . . [p]laintiff has failed to do this."[19]  Plaintiff alleges that defendant made false statements in the August 2002 letter in response to a June 2002 letter in which the plaintiff asked the defendant to stop its unauthorized use of the SUNSHINE KIDS mark in order to convince the plaintiff not to pursue legal action.[20]

---

[18] Defendant's Motion, Docket Entry No. 26, p. 7.

[19] Id. at 8.

[20] Amended Complaint, Docket Entry No. 22, p. 19 ¶ 63.

Plaintiff alleges that the defendant made the false statements intentionally because thereafter the defendant targeted its market for promotional products such as shirts, hats, and scarves that are sufficiently related to the defendant's transportation and safety products for children to cause confusion as to the source and/or sponsorship of those products.[21] Plaintiff alleges that the defendant targeted its market by using "query links" and "sponsored links" on the internet to direct internet word searches for "Sunshine Kids" to the defendant's website and products.[22] These allegations are sufficient to support an inference of fraud because, if true, they would establish that defendant was motivated to commit fraud by its desire to avoid legal action that would have impeded its ability to target the plaintiff's market, and that the defendant engaged in conscious behavior not only by including false statements in the August 2002 letter, but also by targeting the plaintiff's market through the use of "query links" and "sponsor links" on the internet.

### 3. Benefit Received by the Defendant

Defendant contends that plaintiff's fraud claim should be dismissed because "[d]efendant [o]btained [n]o [b]enefit [f]rom [m]aking [t]hese [r]epresentations."[23] Defendant contends that it

---

[21] Id. at 10 ¶ 27.

[22] Id.

[23] Defendant's Motion, Docket Entry No. 26, p. 8.

> clearly explained to Plaintiff in the August 2002 letter that it planned to continue using this mark in the same way it previously had been and that it planned to expand its product line. . . . At no point did Defendant attempt to induce Plaintiff to forego legal action or trademark cancellation; Defendant was merely providing Plaintiff with information concerning its use of the SUNSHINE KIDS mark at that time. . . Defendant essentially told Plaintiff it would continue to use the mark as it previously had been and that it would be used in connection with even more products in the future; under no circumstances could such statements be deemed an attempt by Defendant to "induce [Plaintiff] to forego legal action and/or trademark cancellation proceedings." . . . As such, Plaintiff has failed to satisfy this element of its fraud claim and so the claim must fail for lack of particularity.[24]

Defendant's assertion that the plaintiff's fraud claim should be dismissed because defendant received no benefit from its allegedly false representations does not provide the court a basis upon which to grant defendant's motion to dismiss. The elements of common law fraud under Texas law do not require plaintiff to establish that the defendant obtained a benefit from its allegedly false statements. See Flaherty & Crumrine, 565 F.3d at 212 (identifying five elements of common law fraud under Texas law: (1) defendant made a material representation that was false; (2) defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) defendant intended the plaintiff to act upon the representation; (4) the plaintiff actually and justifiably relied upon the representation; and (5) plaintiff suffered injury).

---

[24] Id.

-14-

Alternatively, the court concludes that plaintiff has alleged with particularity facts that, if true, would establish that the defendant received a benefit from the allegedly false statements made in the August 2002 letter. Plaintiff alleges in its Amended Complaint that because of the false statements that defendant made in the August 2002 letter and because of its reliance on those statements, the defendant avoided legal action that allowed the defendant to trade under the SUNSHINE KIDS mark while willfully expanding its product line, to divert plaintiff's patrons, and to trade on the plaintiff's good will and good reputation by creating an impression of association with and sponsorship by the plaintiff.[25] The court concludes that these factual allegations allege that the defendant obtained a benefit from making the representations alleged to be false, and that these allegations are sufficiently particular to satisfy Rule 9(b)'s pleading requirements.

4. <u>Facts Sufficient to Support Recovery of Exemplary Damages</u>

Defendant contends that plaintiff's plea for exemplary damages should be dismissed because plaintiff failed to allege facts that support the recovery of such damages.[26] Defendant explains that

> Plaintiff asserts that Defendant made these "misrepre-sentations" in order to trade on the fame and goodwill

---

[25]Amended Complaint, Docket Entry No. 22, p. 11 ¶ 30 and p. 15 ¶ 48.

[26]Defendant's Motion, Docket Entry No. 26, p. 9.

-15-

[sic] associated with Plaintiff in conscious disregard of Plaintiff's rights, but Plaintiff offers no facts in support of this bald claim. FAC [First Amended Complaint] at ¶ 67. Therefore, Plaintiff cannot recover exemplary damages based on its existing claim and on the facts submitted in support thereof.

Simply alleging that Sunshine LLC made fraudulent misrepresentations, unfortunately for Plaintiff, does not pass muster. Plaintiff must allege facts which would support each element of its common law fraud claim, and Plaintiff has failed to do so. The bare facts offered by Plaintiff certainly fail to meet the pleading standards required by Rule 9(b) and accordingly Plaintiff should not be entitled to recover exemplary damages.[27]

Exemplary damages are a remedy and not a cause of action. See Sulzer Carbomedics v. Oregon Cardio-Devices, Inc., 257 F.3d 449, 461 (5th Cir. 2001); Travelers Indemnity Co. v. Fuller, 892 S.W.2d 848, 852 (Tex. 1995). Plaintiff's Amended Complaint alleges facts that if true would prove that the harm plaintiff suffered with respect to its claims for common law fraud and unfair competition under Texas law and violation of the Texas Anti-Dilution Statute, Tex. Bus. & Com. Code § 16.29, resulted from fraud as required for the recovery of exemplary damages under Texas law. Tex. Civ. Prac. & Rem. Code § 41.003(a) ("Except as provided by Subsection (c), exemplary damages may be awarded only if the claimant proves by clear and convincing evidence that the harm with respect to which the claimant seeks recovery of exemplary damages results from: (1) fraud . . . "). Accordingly, defendant's motion to dismiss the plaintiff's plea for exemplary damages will be denied.

---

[27] Id.

## IV. Conclusions and Order

The court concludes that the defendant's motion to dismiss the plaintiff's claim for fraud and plea for exemplary damages should be denied because the plaintiff has properly pleaded the elements of fraud with sufficient particularity to satisfy Rule 9(b)'s pleading requirements by specifying the statements contended to be fraudulent, identifying the speaker, stating when and where the statements were made, and explaining why the statements were fraudulent. Accordingly, Defendant's Motion to Dismiss Plaintiff's Sixth Cause of Action (Fraud) for Failure to State a Claim (Docket Entry No. 26) is **DENIED**.

**SIGNED** at Houston, Texas, this the 23rd day of March, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE